**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-1048**

LYNN M. VINCENT,

             Plaintiff - Appellee,

      v.

LUCENT TECHNOLOGIES, INCORPORATED; LUCENT RETIREMENT INCOME
PLAN,

             Defendants - Appellants.

Appeal from the United States District Court for the Western
District of North Carolina, at Charlotte.   Graham C. Mullen,
Senior District Judge.  (3:07-cv-00240-GCM)

Submitted:  June 17, 2011              Decided:  July 26, 2011

Before DAVIS and DIAZ, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Affirmed by unpublished per curiam opinion.

John Houston Pope, EPSTEIN BECKER & GREEN, P.C., New York, New
York, for Appellants.  Edward G. Connette, Norris Arden Adams,
II, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Defendants Lucent Technologies, Inc. and Lucent Retirement Income Plan (collectively Lucent) appeal from the district court's entry of summary judgment in favor of plaintiff Lynn Vincent (Vincent) on her ERISA[*] claim granting her injunctive relief: (1) ordering Lucent to allow her to reenter the Lucent Service Based Pension Program (SBPP) upon her repaying her lump sum distribution and (2) to give her earned service credit, in the SBPP, from September 1, 2001 forward. The SBPP is part of the Lucent Retirement Income Plan (the Plan).

On appeal, Lucent argues the district court erred by granting Vincent injunctive relief based upon certain language in the Plan, i.e., Section 6.6, to which Vincent, during the administrative review process, did not direct the attention of either the Plan Administrator or the Lucent Employee Benefits Committee, which committee performs the final review for claims arising under the Plan. Next, Lucent argues that, assuming arguendo the district court properly considered the

---

[*] See Employee Retirement Income Security Act of 1974, § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B) (empowering plan participant or beneficiary "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan . . .").

2

applicability of Section 6.6, the district court abused its discretion by deciding an issue of plan interpretation de novo, without remanding the issue to the Plan Administrator. Finally, Lucent argues that, assuming arguendo the district court properly considered the applicability of Section 6.6 and properly engaged in its construction without deferring to the Plan Administrator, the district court erred in its construction of Section 6.6.

Having considered the parties' briefs, the record, and the applicable law, we find no reversible error. We affirm on the reasoning of the district court as set forth in its carefully crafted order. See Vincent v. Lucent Techs., Inc., 733 F. Supp. 2d 729 (W.D.N.C. Aug. 24, 2010).

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3